UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOPP,

    Petitioner,

                                                Civil No: 08-CV-11748
                                                Honorable Patrick J. Duggan

v.

SHERRY BURT,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION
IN ABEYANCE AND STAY PROCEEDINGS**

Petitioner John Topp ("Petitioner"), presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his conviction for third-degree criminal sexual conduct, which was imposed on March 21, 2006 following his guilty plea in the Circuit Court for Genesee County, Michigan. On April 20, 2006, the trial court sentenced Petitioner to a prison term of five to fifteen years. Petitioner has filed a motion to hold his habeas petition in abeyance so that he may file a post-conviction motion in the state courts to properly exhaust claims challenging his sentence and asserting ineffective assistance of counsel. For the reasons stated below, the Court denies the motion.

In his motion to hold this matter in abeyance, Petitioner indicates that he wants to

return to the state courts "in light of new information that [his] sentence is invalid due to a scoring error" involving offense variables 3, 4 and 11 of the Michigan sentencing guidelines. Petitioner indicates that he also wants to raise "ineffective assistance of counsel issues." Petitioner does not specify what ineffective assistance of counsel claim(s) he wishes to assert; however, in a pro se brief that he filed in the Michigan Supreme Court, Petitioner did allege that his appellate counsel was ineffective in failing to present documents demonstrating his innocence.

District courts possess authority to stay habeas corpus proceedings. *Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528 (2005). However, a "stay and abeyance" approach in which a district court stays a habeas petition while the petitioner exhausts state remedies for unexhausted claims is permissible only where (1) there is "good cause" for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Id*. at 277-78, 125 S. Ct. at 1535.

Petitioner fails to set forth cause, let alone, "good cause" for his failure to exhaust his claims in the state courts. He implies that the alleged sentencing error came to light because of "new information." Petitioner, however, does not identify what that new information is and he in fact raised various challenges to the offense variables prior to sentencing. Furthermore, Plaintiff's alleged errors in sentencing would not entitle him to habeas relief. A petitioner's claim that the state trial court incorrectly calculated his or her sentence under the state's sentencing guidelines is not cognizable on federal habeas

2

review because it is basically a state law claim. *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006) (citing *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475 (1991)); *see also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that several of the offense variables of the Michigan sentencing guidelines were incorrectly scored therefore fails to state a claim upon which habeas relief can be granted. *Id.*

Consequently, it would be an abuse of discretion for this Court to stay these proceedings while Petitioner returns to the state courts to exhaust his proposed claims.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to hold his habeas petition in abeyance is **DENIED**.

DATE: March 24, 2010    s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

John Topp, #600348
Ionia Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI  48846

Brad H. Beaver, Esq.