UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOPP,

       Petitioner,

                                      CASE NO. 08-11748
v.                                 HONORABLE PATRICK J. DUGGAN

SHERRY BURT,

       Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

        At a session of said Court, held in the U.S.
         District Courthouse, Eastern District
          of Michigan, on _June 15, 2010._____

        PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                            U.S. DISTRICT COURT JUDGE

     Petitioner John Topp filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and subsequently filed a motion to hold his petition in abeyance so that he could file a post-conviction motion in the state courts to properly exhaust certain claims. This Court denied the motion in an order filed March 24, 2010. Petitioner filed an appeal of the Court's decision on April 6, 2010.

     Pursuant to Federal Rule of Appellate Procedure 22(b), a habeas petitioner may not take an appeal unless a certificate of appealability issues.[1] Fed. R. App. P. 22(b); *see*

---

[1] "Although the statutory language provides that a certificate of appealability is required for an appeal from a final order, the requirement of a certificate of appealability may apply to interlocutory appeals." *Lordi v. Ishee*, 22 Fed. App'x 585, 585-86 (6th Cir.

*also* 28 U.S.C. § 2253. Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).

As this Court has not addressed the merits of Petitioner's habeas application, it assumes that the above standard applies to decide whether to issue a certificate of appealability. Petitioner fails to establish that this procedural ruling was incorrect. The Court therefore holds that he is not entitled to a certificate of appealability with respect to the pending appeal.

**SO ORDERED.**

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

---

2001). Courts have held that an order denying a request to stay habeas proceedings to allow exhaustion of state court remedies is an appealable collateral order. *See, e.g., Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-06 (3d Cir. 1997).

Copies to:

John Topp, #600348
Ionia Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI 48846

Brad H. Beaver, Esq.